## Clark P. Wilder v. Co-operative Distilling and Rectifying Company, for the use, etc.

### Gen. No. 13,272.

1. RECEIVER—*when cannot complain of court's failure to hear evidence as to compensation.*  A receiver who has submitted the question of the amount of his compensation to the chancellor upon his own statements contained in his petition, is not entitled, after the chancellor has passed upon such question, to offer additional evidence and to complain of the chancellor's refusal to hear the same.

2. RECEIVER—*when compensation awarded to, will not be revised on review.*  Where the compensation of a receiver rests in the discretion of the trial court, as it does in Illinois, an appellate court will not interfere with the amount awarded unless there has been manifest abuse of discretion.

Bill in equity.  Appeal from the Circuit Court of Cook County; the Hon. JULIAN W. MACK, Judge, presiding.  Heard in the Branch Appellate Court at the October term, 1906.  Affirmed.  Opinion filed October 4, 1907.

WILLIAM T. FISHER, for appellant.

LEON S. ALSCHULER, for appellee; JOHN P. AHRENS, of counsel.

MR. JUSTICE SMITH delivered the opinion of the court.

This appeal brings before the court for review an order of the Circuit Court fixing the compensation of appellant as receiver of appellee, Co-operative Distilling & Rectifying Company, in a bill in equity against the company to wind up its affairs, and dissolve the corporation.

It is urged on behalf of appellant that the allowance of seven hundred and fifty dollars was grossly inadequate for the services shown to have been rendered by appellant; and, second, that appellant was entitled to show by oral evidence the reasonable value of his services, and this the court refused to permit. We will consider both points together.

The record shows that on February 26, 1906, a hearing was had before the court upon appellant's petition for compensation and his several reports and accounts, and the objections filed thereto, and that appellant offered in evidence certain documents which are set out in the certificate of evidence. Thereupon the court, having considered the evidence offered by appellant, orally announced that he found the reasonable value of the services rendered by the receiver to be seven hundred and fifty dollars. Counsel for appellee then stated to the court that they were satisfied with the finding and would offer no further evidence.

Shortly thereafter and before any order was entered of record, counsel for appellant asked the court to reconsider his decision, and also asked leave to file a supplemental report and verified petition of the receiver. The court denied the application, but stated that he would read the report and petition. Counsel for objecting creditors then requested the court to read their counter suggestions.

It further appears that on June 22, 1906, the court stated to counsel that he would adhere to his decision, and counsel for appellant then for the first time asked leave to introduce oral testimony as to the value of the receiver's services. This motion the court denied. Appellant's counsel then moved a reference of the matter to a master in chancery and the court denied this motion and entered the order fixing the receiver's compensation.

The record also shows that appellant was a complainant in the bill and a stockholder in the defendant corporation.

It appears very clearly from the record that appellant submitted his claim for compensation as receiver to the chancellor upon his reports and petitions in the first instance, without offering any evidence as to the value of his

services except his own estimate thereof contained in his reports, if that can be regarded as evidence of that fact. Having thus voluntarily. submitted his claim to the chancellor, it was too late for him to offer additional evidence after the chancellor had announced his conclusion upon the evidence submitted.    In our opinion it was not error to refuse to hear further evidence under the facts and circumstances disclosed by the record.

In our opinion the chancellor in no wise abused his discretion in the allowance made to the receiver.    The record does not present a case where a large allowance of receiver's fees to appellant would be equitable or just.    Where the compensation .of a receiver rests in the discretion of the trial court, as it does in this jurisdiction, an appellate court will not interfere unless there has been a manifest abuse of that discretion.    Heffron v. Rice, 149 Ill., 216, 224.    We find no reason in the record for saying that the discretion of the court was abused or unreasonably exercised.

The order of the Circuit Court is affirmed.

*Affirmed.*